**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

BYRON BREEZE, JR.,                          :
                                            :
                  Plaintiff,                :
                                            :
       v.                                   :
                                            :  Civil Action No. 1:19-cv-00191-NLH-AMD
LVC TIMESHARE MANAGEMENT, LLC,              :
                                            :
                  Defendant.                :

**CONSENT DECREE**

1.     This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 12, by and between the following parties: Plaintiff Byron Breeze, Jr. ("Plaintiff") and Defendant LVC Timeshare Management, LLC ("Defendant") (Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties") for the purposes and on the terms specified herein.

2.     On January 7, 2019, Plaintiff filed this lawsuit, alleging that Defendant's website, https://www.legacyvacationresorts.com/destinations/newjersey/brigantinebeach (the "Website"), is not fully and equally accessible under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181, et seq. ("ADA"), as amended, and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1, et seq., because it did not provide required disclosures related to accessibility features and guest room reservations for Defendant's resort located at 1400 Ocean Ave, Brigantine, NJ 08203 (the "Brigantine Resort").

3.      Defendant expressly denies that the Website violates Title III of the ADA, the LAD, or any other comparable regulation or statute enacted anywhere in the United States. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

4.      This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint [Doc. No. 1].

5.      This Consent Decree is entered into by Plaintiff, individually.

## JURISDICTION AND VENUE

6.      Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology.  Plaintiff contends that Defendant's Website is a sales and service establishments whose operations affect commerce and is a public accommodation subject to Title III of the ADA and the LAD.

7.      Defendant denies that the Website constitutes a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA or the LAD.

8.      Plaintiff is suing on his own behalf, as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367 and 42 U.S.C. § 12188.

10.      The Parties agree that venue is appropriate under 28 U.S.C. § 1391(b)(1).

## AGREED RESOLUTION

11.      Plaintiff and Defendant agree that it is in the Parties' best interests to resolve this lawsuit on mutually agreeable terms without further litigation.  Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law

raised in Plaintiff's Complaint. In light thereof, and in resolution of this action, the Parties hereby **AGREE** to the following terms:

## DEFINITIONS

12.    Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

13.    Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in Paragraphs 18 through 23 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's website-related operations could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Website-related operations as though they are collectively a stand-alone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its respective Website-related properties or the primary functions related thereto, or which could result in a loss of revenue or traffic on its respective Website-related operations.

## TERM OF CONSENT DECREE

14.    The term of this Consent Decree shall commence as of the Effective Date and remain in effect for a total of twelve (12) months following the Effective Date.

## REMEDIAL MEASURES

15.    Defendant shall use Reasonable Efforts to ensure full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations provided by and through the Website according to the following timeline and requirements in the below subparagraphs:

(a)    Within twelve (12) months of the Effective Date, Defendant shall add an "Accessibility" page to the Website, which identifies the accessible features available at the Brigantine Resort;

(b)    Within twelve (12) months of the Effective Date, Defendant shall use Reasonable Efforts to update the Website's online reservation and booking system in order to provide information related to the accessible features available at the Brigantine Resort and in any accessible guest room(s) at the Brigantine Resort;

(c)    Within Twelve (12) Months of the Effective Date, Defendant shall update the Website's online reservation and booking system to allow online users to obtain information about and to book any accessible guest room(s) at the Brigantine Resort.

## SPECIFIC RELIEF TO PLAINTIFF

16.    Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters through a separate letter agreement (the "Letter Agreement") hereby fully incorporated by reference into and enforceable under this Consent Decree. The Letter Agreement may be provided to the Court *in camera* for inspection and review, if the Court makes such a request.

## PROCEDURES IN THE EVENT OF DISPUTES

17.     The procedures set forth in Paragraphs 18 through 23 of this Consent Decree must be fully exhausted in the event that: (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree; or (ii) Defendant alleges that there is a criteria of the ADA or LAD with which it cannot substantially comply due to an undue hardship.  Further, there will be no breach of this Consent Decree by Defendant in connection with such allegations unless and until the procedures in Paragraphs 18 through 23 have been fully exhausted.

18.     Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if he believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 24.

19.     Within thirty (30) days of either Party receiving notice as described in Paragraph 18, the other Party will respond in writing to the original notice.

20.     Within fifteen (30) days of receipt of the response described in Paragraph 19, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

21.     If the matters raised in a Notice provided pursuant to the above are not resolved within sixty (60) days of the conference required by Paragraph 20, either party may submit the unresolved matters to non-binding mediation before a mutually agreed upon mediator.

22.     If the dispute is not resolved in the mediation described by Paragraph 21, either party may move this Court for enforcement of compliance with this Agreement.

23.     Any of the time periods set forth in Paragraphs 18 through 21 may be extended by mutual agreement of the Parties,

24.    Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

To Plaintiff:

Bashian & Papantoniou, P.C.
Attn: Erik M. Bashian, Esq.
500 Old Country Road, Suite 302
Garden City, New York 11530
Email. eb@bashpaplaw.com

To Defendant:

Kaufman Dolowich Voluck, LLP
Attn: Philip R. Voluck, Esq.
1777 Sentry Parkway West
VEVA 17, Suite 100
Blue Bell, PA 19422
Email: pvoluck@kdvlaw.com

**MODIFICATION**

25.    No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

**ENFORCEMENT AND OTHER PROVISIONS**

26.    The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New Jersey.

27.    This Consent Decree contains the entire agreement of Plaintiff and Defendant concerning the subject matter described in Paragraphs 2 and 4, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained or incorporated by reference into this Consent Decree, and concerns the subject matter described in Paragraphs 2 and 4, shall be enforceable.

28.    If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

### PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

29.    This Consent Decree shall be binding on: Defendant and its respective owners, subsidiaries, agents, employees, and officers.   In the event that Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website, then the successor or assign shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

30.    Plaintiff and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraphs 2 and 4. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraphs 2 and 4, the party is no longer required to maintain such a litigation hold.  Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

31.    The signatories represent that they have the authority to bind the respective Parties, Byron Breeze and LVC Timeshare Management, LLC to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

32.    Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each

Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

## PLAINTIFF'S GENERAL RELEASE OF DEFENDANT

33.     In exchange for the good and valuable consideration set forth herein, the sufficiency of which is hereby acknowledged by the Parties, Plaintiff, her agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively, the "Releasing Parties") hereby release, acquit, satisfy, and discharge Defendant, along with any and all of its predecessors, agents, representatives, employees, partners, successors, assigns, officers, directors, shareholders, members, subsidiaries, parents, affiliated entities (including Legacy Vacation Club, LLC and Legacy Hospitality Holdings, LLC), vendors, representatives, attorneys, insurers, reinsurers, and any entity or person related to them, jointly and severally (hereinafter, the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action, in law or equity, or suits of any kind, whether known or unknown that the Releasing Parties have, may have, may have had, or may hereafter raise against the Released Parties with respect to the Website and this subject litigation arising under Title III of the ADA and the LAD, as well as any other disability-related law(s) or ordinance(s) enacted anywhere in the United States, or local rule, with respect to the time period running from the beginning of the world through the date of this Agreement, including, but not limited to, all claims by the Releasing Parties for attorney's fees and costs, expert fees, litigation expenses, damages, or any other amount, fee, and/or cost, if any, with the exception of attorneys' fees, costs, and monetary amount required to be paid by Defendant pursuant to the Letter Agreement.

## [SIGNATURE PAGE FOLLOWS]

Agreed and Consented to:

BYRON BREEZE, JR.

Byron Breeze, Jr., on his own behalf

Dated: March 5, 2019

LVC TIMESHARE MANAGEMENT, LLC

By: _____

Title: President

Dated: March 6, 2019

-9-

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1)    This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2)    The provisions of this Consent Decree shall be binding upon the Parties;

3)    Entry of this Consent Decree is in the public interest;

4)    This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5)    Plaintiff has retained counsel to act as a private attorney general in bringing this lawsuit and enforcing the ADA on his behalf; and

6)    This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

**NOW THEREFORE,** the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

**DONE AND ORDERED** in Chambers at Camden, NJ, this ____ day of _____, 2019.

_____
NOEL L. HILLMAN, U.S.D.J.

cc: Counsel of record via CM/ECF